PER CURIAM.
 

 The Pensacola Junior College Faculty Association (Association) appeals a Final Order of the Public Employees Relations Commission (PERC) determining that the Pensacola Junior College Board of Trustees (College) did not commit an unfair labor practice by failing to process a grievance through arbitration.
 

 In 2005, the College and the Association entered into a collective bargaining agreement (CBA) which set forth, among other things, the manner in which disputes arising under the agreement should be addressed. Section 10.02A of the CBA provides for the filing of grievances, defined in relevant part as a written claim that the College has violated or misapplied a specified provision of the CBA with resulting harm. In November 2008, the Association filed a grievance alleging that the College violated the CBA by failing “to provide a recurring base adjustment as required by article 15.01C — Recurring Base Adjustment.” Section 15.01 C of the CBA provides that “[t]o the extent possible within the budget model, faculty hired prior to July 1 of the contract year shall receive a recurring adjustment to their 164-day base contract. This adjustment shall be planned to be not less than two percent (2%) of the base contract.”
 

 
 *702
 
 The Association argued that the College violated section 15.01C by failing to provide an automatic 2% pay increase to eligible bargaining unit members on July 1st of the new contract year. The College denied the grievance, asserting that because the College had not yet made any determination on wages for the new contract year, the grievance was premature and the dispute was not ripe for grievance. Additionally, the College asserted that the matter was currently subject to an ongoing impasse proceeding. Lastly, the College contended that the grievance was untimely. After the College denied the grievance and refused to participate in arbitration, the Association filed an unfair labor practice charge with PERC.
 

 In a recommended order to PERC, a hearing officer determined that the grievance complied with the requirements of section 10.02A of the CBA, and that the College committed an unfair labor practice when it refused to process the grievance through arbitration. However, PERC rejected the hearing officer’s recommended order and concluded with positive assurance that the Association’s grievance was not arguably arbitrable. PERC reasoned that the College’s failure to provide the 2% pay increase could not have harmed the Association’s members because the budget model referenced in section 15.01C was never created and the section included permissive language that did not grant a specific pay increase. The Association appeals the PERC order, arguing that PERC erred by focusing on the merits of the grievance in determining that the arbitration clause was not susceptible to an interpretation covering the asserted dispute. We agree with the Association.
 

 In
 
 AT & T Technologies, Inc., v. Commc’ns Workers of America,
 
 475 U.S. 643, 648-50, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Supreme Court reiterated the principles regarding the court’s role in determining whether a particular dispute is arbitrable.
 
 Citing United Steelworkers of Am. v. American Mfg. Co.,
 
 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960);
 
 United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,
 
 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and
 
 United Steelworkers of Am. v. Enter. Wheel & Car Corp.,
 
 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). “[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims.”
 
 AT & T.
 
 at 649, 106 S.Ct. 1415. To this end, the Court cautioned that:
 

 courts ... have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.
 

 Id.
 
 at 650, 80 S.Ct. 1358
 
 (quoting American Mfg. Co.,
 
 363 U.S. at 568, 80 S.Ct. 1343). Even claims that appear to be frivolous should be permitted to proceed to the arbitrator.
 
 Id.
 
 at 649-50, 80 S.Ct. 1358.
 

 However, where it can be said with “positive assurance” that the arbitration clause may not be interpreted in a way to cover the dispute, then an order to arbitrate should be denied:
 

 an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.
 

 Id.
 
 at 650, 80 S.Ct. 1358
 
 (quoting Warrior & Gulf,
 
 363 U.S. at 582-83, 80 S.Ct. 1347). But, if there is doubt, such doubt “should
 
 *703
 
 be resolved in favor of coverage.”
 
 Id. (quoting Warrior & Gulf,
 
 363 U.S. at 582-83, 80 S.Ct. 1347).
 

 Here, the Association argues that pursuant to Section 15.01C its members were entitled to an automatic 2% pay increase at the beginning of the contract year. However dubious the Association’s argument may be, we cannot say with positive assurance that the grievance clause is not susceptible of an interpretation that covers the asserted dispute. Accordingly, we are constrained to reverse and remand to PERC for further proceedings.
 

 REVERSED and REMANDED.
 

 BENTON, C.J., WETHERELL and ROWE, JJ., concur.